Taylor, Chief-Justice,
 

 delivered the opinion of the Court.
 

 The question depends upon the morning and construe» don of Collier Hill’s will. He died, leaving a mother, three brothers and two sisters, and by his will bequeathed all his slavea to fhur persons, whom he names, and one of whom he describes as a member of the Methodist Church $
 
 ct
 
 to be their lawful property, and for them to keep or dispose of as they shall judge most for the glory of God, and good of said slaves.” These words shew that the benefit of the slaves was to be consulted by the legatees, and not their own personal emolument. That this formed no part of the motive to the bequest, is further shewn by the words, “ but in case either of them should be dead or deceased, before they get the said ne-groes into possession, it is «ny will and desire, and I do in that case will and bequeath the said slaves to those who may survive or iive to get the said negroes in possession.”
 

 Giving the slaves to such of them as survived or got them into possession, shews clearly that he intended only an authority to them, for if a beneficial interest were intended, why not allow it to devolve upon the representatives of those who should die before getting the slaves into possession.
 

 From the peculiar language of the will, I infer that the legatees named were trustees only, and that the purpose of the trust was, to effect an emancipation of the slaves. This has been held to be an illegal trust, and the persons appointed to execute it, hold the property in trust for those who are entitled under the statute of distributions» The demurrer must therefore ho overruled.